## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

Jermaine McFarland,

                                       Case No.:

          Plaintiff,

v.

                                 **COMPLAINT**

ETourandTravel, Inc.             **WITH JURY TRIAL DEMAND**

          Defendants.

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's repeated, unauthorized calls to Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act ("TCPA") and the Georgia Fair Business Practices Act ("GFPBA").

## PARTIES

1.    Plaintiff, Jermaine McFarland, is natural person who resides in Muscogee County, Georgia.

2.    Plaintiff is the subscriber for the cellular telephone with the number 706-530-8071.

3.    Defendant, ETourandTravel, Inc. (hereinafter "ETour") is a Florida corporation that does business in Georgia.

## JURISDICTION AND VENUE

4.  Because this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, jurisdiction of this Court arises under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

5.  Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6.  In or about November, 2015, Plaintiff began receiving calls on his cellular telephone, phone number 706-530-8071, from Defendant. The purpose of these calls was to solicit and/or sell to the Plaintiff travel packages.

7.  For approximately thirty days, Plaintiff received a significant number of similar calls from the Defendant.

8.  When he answered calls from Defendant, he heard pauses and/or clicks and a delay at the beginning of the calls.

9.  Upon information and belief, Defendant used an autodialer and or predictive dialing equipment to make its calls to Plaintiff.

10. Plaintiff never provided consent for Defendant to call him on his cell phone.

11.   To the extent Plaintiff provided consent for Defendant to call him on his cell phone, Plaintiff explicitly revoked that consent.

12.   Subsequent to his revocation of consent, Plaintiff did not provide additional consent for Defendant to contact him.

13.   Defendant's calls to Plaintiff had no emergency purpose.

14.   Upon information and belief, frequent, authorized phone calls are Defendant's modus operandi for soliciting business.

15.   Plaintiff was unable to avoid or escape the Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's phone.

16.   Plaintiff carries his cell phone at most times to be accessible to his family, friends and work-place. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends and work activity.

17.   Defendant does not maintain a place of business in Georgia and has no assets in Georgia. Plaintiff is thus relieved of the duties imposed by O.C.G.A. §10-1-399.

18.   Defendant knew or should have known that it did not have Plaintiff's consent to receive its calls at all.  Its repeated calls were therefore willful violations.

19.   Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

20.   As a result of Defendant's willful, knowing, and/or negligent actions, Plaintiff is eligible for statutory damages.

21.   Also as a result of Defendant's willful, knowing, and/or negligent actions, Plaintiff suffered actual damages, including the consumption of "minutes" in his cellular plan thus requiring him to pay for the calls, emotional distress in managing the persistent calls, and expenses associated with seeking to enforce Defendant's compliance with the law.

## **TRIAL BY JURY**

22.   Plaintiff is entitled to and hereby requests a trial by jury.

## **CAUSES OF ACTION**

## **COUNT I**

## **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
## **47 U.S.C. §§ 227(b)(1)(A)(iii)**

23.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

24.   Defendant willfully and/or negligently violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's cellular telephone, without permission or emergency purpose and using an autodialer.

25. As a result of Defendant's violations of § 227(b)(1)(A)(iii), Plaintiff is entitled to recover statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

26. Defendant's actions were willful and/or knowing, rendering it liable for punitive damages and/or statutory damages pursuant to 47 U.S.C. § 227(b)(3).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.G.C.A. § 10-1-393(a)

27. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

28. The GFPBA directs liberal interpretation and application, as well as harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)).

29. Defendant willfully and/or negligently violated 47 U.S.C. § 227(b)(1)(A)(iii), as set forth above.

30. The protections of the TCPA parallel and complement those under the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)).

31. O.G.C.A. § 10-1-393(a) broadly prohibits unfair business practices, not limited to the exemplar list in the following subsection.

32. Defendant called Plaintiff repeatedly, without consent, for purposes of advertising and/or soliciting.

33. Defendant's actions unfairly interfered with Plaintiff's daily life in a manner that he did not invite, disclaimed, and could not reasonably escape.

34. Upon information and belief, Defendant regularly uses repeated, unauthorized phone calls in its advertising and/or solicitation efforts.

35. Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving the Plaintiff of the Notice and Demand requirement of O.G.C.A. § 10-1-399 (b).

36. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.G.C.A. § 10-1-399(a), including consumption of "minutes" and emotional distress in managing the persistent calls.

37. Defendant's actions were intentional and/or knowing, rendering it liable for exemplary damages pursuant to O.G.C.A. §§ 10-1-399(a) and (c).

38. Plaintiff is entitled to recover reasonable attorney's fees and expenses pursuant to O.G.C.A. § 10-1-399(d).

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

   a.) Punitive and/or statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each non-consensual phone call;

   b.) General and/or damages pursuant to O.G.C.A. §§ 10-1-399(a) and (c);

6

c.) Reasonable attorney's fees and expenses pursuant to O.G.C.A. § 10-1-399(d);

d.) Such other and further relief as may be just and proper.

Respectfully submitted this 23rd day of February, 2016.

*/s/ Matthew T. Berry*
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com

*/s/ Paul J. Sieg*
Plaintiff's Attorney
Paul J. Sieg, Bar No.: 334182
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3305
Fax (404) 235-3333
psieg@mattberry.com